# Pottash et al., Appellants, *v.* Red River Oil Co., Ltd.

*Carriers—Bills of lading—Act of June 9, 1911, P. L. 838— Foreign attachment—Equity—Injunction—Parties—Trial by jury —Constitution—Constitutional law.*

2. The requirements of that section can be complied with, only by obtaining an injunction preventing the further negotiation of the bill. Not decided at what stage of the proceedings this is required.

4. A garnishee will not be held liable to the plaintiff, because, after service of an attachment, he returns to the real owner a negotiable instrument sent for collection but never in fact collected.

5. The holder of a bill of lading, the alleged owner of it, the consignee of the goods and the carrier, are necessary parties to a bill in equity to prevent its negotiation.

Argued April 25, 1922. Appeal, No. 352, Jan. T., 1922, by plaintiffs, from order of C. P. No. 3, Phila. Co., Dec. T., 1921, No. 386, making absolute rule to dissolve foreign attachment, in case of Edward Pottash and Abraham Schneyer, copartners, trading as Philadelphia Cotton Co. v. Red River Oil Co., Ltd. Before MOSCH-

ZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Rule to dissolve foreign attachment.   Before FER-
GUSON, J.
The opinion of the Supreme Court states the facts.
Rule absolute.   Plaintiffs appealed.

*Error assigned* was above order, quoting record.

*D. B. Oliensis,* and *Francis Shunk Brown,* for appel-
lants.

*Charles Myers,* with him *Sharswood Brinton,* for the
Pennsylvania Railroad, appellee.

*Gill, Guckes & Shrader,* for Baltimore & Ohio Rail-
road, appellee.

OPINION BY MR. JUSTICE SIMPSON, May 15, 1922:
The relevant facts in this case, and the question to be
decided, are accurately set forth in appellant's history
of the case as follows: "This was an action commenced
by foreign attachment in assumpsit.   The sheriff, under
that writ, seized several carloads of goods in the hands
of the Pennsylvania Railroad Company and the Balti-
more and Ohio Railroad Company.   These goods had
been shipped under negotiable bills of lading which were
forwarded, with a draft attached thereto, to the Tenth
National Bank for collection and, prior to the attach-
ment of the goods, the sheriff [attempted to] attach those
bills of lading in the hands of the bank [by leaving with
it a copy of the writ].   All the garnishees duly entered
their appearance.   The two railroad companies subse-
quently filed petitions to dissolve the attachment on the
ground that the bills of lading not having been sur-
rendered, nor their negotiation enjoined, the attachment

of the merchandise was invalid.  The plaintiffs, in their answers, replied that the attachment of the bills of lading operated as an 'enjoinder' of the negotiation thereof, within the requirements of the law.  The court made the rules absolute and the plaintiffs thereupon appealed to this court."

We have decided this exact question antagonistically to appellants' contention in Pottash et al v. Albany Oil Company, opinion filed herewith, [the preceding case] and need not here repeat what was there said.

The orders of the court below are affirmed.